## ALIMONY TO WIFE MADE A LIEN ON REAL ESTATE TRANSFERRED BY HUSBAND IN FRAUD OF HER RIGHTS.

Common Pleas Court of Hamilton County.

### SARAH E. FOX v. FRANCIS C. FOX ET AL.

Decided, January, 1914.

*Husband and Wife—Service by Publication in Suit for Alimony—Allowance of, Made a Lien on Real Estate—Transferred by Husband for the Purpose of Defeating Her Claim.*

1. An abandoned wife, a faithful helpmate for more than thirty years and now in feeble health and without any means of support, whose husband has real estate in the county in which the suit is brought estimated to be worth $1,500, is entitled upon service by publication upon her absent husband, to alimony and counsel fees, and said allowances may be made a charge upon the real estate in question. *{ ... }*

2. These charges will be made a lien upon said property, notwithstanding it was transferred to a "dummy" for one dollar, by deed executed by the husband only a few days before the filing of suit by the wife; and the lien of a building association under a mortgage, executed by the "dummy" subsequent to the filing of suit by the wife, will be declared subordinate to that of the wife, where it appears that the attorney for the husband and for the building association were one and the same person.

*Wm. H. Schweikert* and *J. T. Rhyno,* for plaintiff.
*August W. Bruck,* contra.

COSGRAVE, J.

This is an action for alimony; also to set aside and hold for nought a deed of conveyance from the defendant Fox to the defendant Joachim, to charge said property with the equities of the plaintiff and make her claim a lien on the real estate in the petition described; for an injunction against both of the defendants restraining further alienation, and also for attorney's fees.

It appears that the plaintiff, Sarah E. Fox, and Francis C. Fox, the defendant, were married at Ft. Sidney, Neb., Septem-

ber 18, 1880.  Several children were born of the marriage, all of whom are now fully grown.

Fox and his wife came to this county in 1899, and on June 6th of that year, purchased the real estate described in the petition and occupied the same, living together as husband and wife until sometime in the month of September, 1911, when Fox abandoned his wife and went to a sister living in Los Angeles, Cal.  Mrs. Fox continues to occupy this property, which practically yields her no revenue.  It is in evidence that she is very frail, delicate and sickly; and from the testimony of her neighbors and friends, is shown to be a most excellent woman.

It is alleged in the petition that the defendant has been guilty of neglect of duty for many years, that he has failed and refused to provide plaintiff with the necessaries of life, has refused to maintain or support her in any manner whatsoever, but has compelled her to seek employment in a menial capacity, and thus with the aid of her grown children, at least to the extent of their ability, obtain a living for herself and maintain him while his time was spent in idleness.  There is no testimony that he was a bad man; but simply an idler, a dreamer, a ne'er-do-well.  The property sought to be charged with the lien of any judgment for alimony that may be rendered in this case, is fully described in the petition.

It is in evidence that on or about the 14th day of April, 1913, the said defendant Fox, having forsaken his wife about a year and a half previous thereto, made a conveyance of the property described in the petition to his co-defendant, Michael Joachim, for the stated consideration of one dollar and other good and valuable considerations, but that in fact no consideration whatsoever passed between the parties, and it is alleged that said conveyance was made solely for the purpose of placing this property out of the name of the defendant so as to render ineffectual any judgment that might be recovered by the wife against the husband in proceedings instituted by her for support and maintenance.

It is clear that the said Joachim was a mere volunteer in the said pretended conveyance with full notice of the relationship

between the plaintiff and his co-defendant, and that it was in fur-
therance of a consipracy between Joachim and Fox by which the
wife was to be deprived of any opportunity to assert a claim upon
said real estate for support and maintenance by way of alimony.
It is evident that said conveyance is a mere sham and subterfuge
and while the said Joachim asserts title to said real estate, that
in law and in fact he has no title, but that the whole transaction
reeks with fraud.

It is in evidence that a mortgage for $500 was executed by
Joachim to secure a loan from the Franz. Joseph Building As-
sociation.    There is thus presented for the consideration and
determination by the court three matters:

First, whether the wife is entitled to alimony;

Second, was the conveyance by the defendant Fox to his co-
defendant Joachim, a *bona fide* transaction or a fraud; and

Third, the relationship of the Franz Joseph Building Associa-
tion to the property described in the petition.

There was no personal service upon the defendant, Fox, in
this case.    There was, however, a service by publication in which
reference was made specifically to the nature of the relief sought,
namely, for alimony, to set aside this conveyance of real estate on
the ground of fraud and for other equitable relief.    Proof of
service by publication has been duly made to this court in con-
formity to the provisions of the statute. · The defendant, Joachim,
was duly served and filed an answer herein.    The court is there-
fore of the opinion and so finds that the defendant, Fox, is be-
fore this court for all the purposes set forth in the petition, in-
cluding an allowance of alimony, and the appropriation and sub-
jection of the property described in the petition to the payment
of the same.    In this conclusion, the court is following the rule
laid down by our Supreme Court in the case of *Benner* v. *Benner*,
63 O. S., p. 220, wherein it is said, first:

"Service by publication is authorized by Section 5048 of the
Revised Statutes [Section 11292, G. C.], in an action by a wife
for alimony and support of her children against the husband who
deserted his family and became a non-resident of the state, where
the only relief sought is the appropriation of real property of

the husband situated in the county where the action is brought, to the payment of the amount that should be allowed for such alimony and support.''

2.   ''Such an action is substantially one in *rem*, and the court has jurisdiction at its commencement to grant a preliminary injunction preventing the disposition of the property by the defendant, pending the suit, and on completion of the service by publication, to decree the relief sought.''

The evidence is conclusive as to marriage between the parties, of his neglect and failure to support his wife, that while they were living together she was compelled to rely in a measure upon the kindness of her friends and neighbors for support, with such little help as her children were able to give her.

The evidence is conclusive that this continued for many years, that about two years ago he deserted and abandoned her, and that she is now practically penniless.

It appears that the real estate described in the petition is valued upon the tax duplicate at $1,530, and there is testimony before the court that it is reasonably worth about this sum. The court is, therefore, of the opinion, and so finds, that the plaintiff is entitled to an allowance of alimony for her maintenance and support, and that the sum of $500 is a fair and just allowance by way of alimony for the support of the plaintiff, and the court decrees that said sum is and shall be a charge upon the real estate described in the petition, and the court further orders and decrees that unless said sum be paid within ten days from the entering of the decree herein, an order for the sale of said property shall issue from this court. The court is further of the opinion and finds that the plaintiff is entitled to an additional allowance by way of alimony for her support and maintenance in the sum of $15 per month, to continue until the further order of this court, which shall likewise be a charge and lien upon real estate described in the petition. The court is also of the opinion and so finds, that the plaintiff is entitled to a reasonable counsel fee in this case, which the court allows in the sum of $100, and which shall also be a charge and lien upon the real estate described in the petition.

The court might well stop here, if it were not for the conveyance by the defendant, Fox, to his co-defendant, Joachim, of the real estate described in the petition. We must now consider this conveyance and determine whether it was real or only pretended. The consideration of this feature of the case suggests a further inquiry into the facts presented by the evidence herein.

The petition was filed on April 28, 1913. A restraining order was issued at that time, as prayed for in the petition. It appears that some considerable time before this date the husband, through his attorney, sought to induce the wife to join him in a deed for the sale of this property, the wife at that time being in one of our hospitals, seriously ill. This she refused to do.

Following this refusal on her part, there took place a number of singular and mysterious transactions, concerning this real estate. These may be summarized as follows:

1913, April 14. Deed from Fox to Joachim, $1 and other valuable considerations; apparently executed on that date.

1913, April 19. Deed from Fox to Joachim filed.

1913, April 19. Mortgage from Joachim to Franz Joseph Building & Loan Co. for $500; apparently executed on that date.

1913, April 5. Check for $500 drawn by the Building & Loan Co. to Joachim.

1913, April 28. Petition herein filed.

1913, May 19. Mortgage from Joachim to Franz Joseph Building & Loan Co. filed for record.

1913, April 30. Check for $500 paid in Los Angeles, Cal., to Fox.

1913, May 7. Check paid by drawee in this city.

Any attempt to reconcile these transactions only serves to confuse the situation, and does not explain the peculiarly conflicting dates purporting to be the days and months on which these alleged transactions are said to have taken place.

The defendant, Joachim, on the witness stand, admitted he knew nothing whatsoever about the transaction, that he had no means with which to purchase this property from Fox, being possessed of only two dollars at the time. It appears that the defendant, Joachim was an employee or sort of a servant of the

attorney of Fox, who is also the attorney and president of the Franz Joseph Building & Loan Co. The secretary of this company testified that he did not know Joachim.

From the foregoing and other facts presented by the evidence, the court is satisfied that Joachim was a mere tool or dummy in this entire transaction, through whom the defendant, Fox, sought to divest himself of this property in fraud of the rights of his wife, his faithful companion, helper and caretaker for over thirty years.

The court is satisfied from the evidence that the deed from Fox to Joachim was without any sufficient consideration, if any at all, and was executed in consummation of a fraud and should be set aside and held for naught.

While the building and loan company is not seeking affirmative relief herein, yet nothing to the contrary appearing, it seems from all the testimony presented, that the sum of $500 passed from the building and loan company to the defendant Fox.

It may however appear from the facts herein that upon the sale of this property, the building and loan company might be subrogated to whatever interest might be coming to Fox after the payment of the sums above mentioned, which are decreed to be prior liens upon this property.

It may well be said that Fox having used Joachim to obtain this $500 by way of a loan from the building and loan company giving a mortgage to secure the same, that the transaction would be treated as though Fox himself had given the mortgage to the building association and then he would therefore be estopped to deny its validity as against the said building and loan company. Thus the Franz Joseph Building & Loan Co. may be protected as to said loan.

The court is led to some of these conclusions from the fact that the attorney for the defendant Fox was at the same time the attorney and president of the building and loan company, was in fact its agent, and it is bound by his acts in the matter.

The court feels that the attorney in this matter was probably misled by over-zeal for his client, Fox, and was not as careful

of the interest of the building and loan company as he might otherwise have been.

The court is aware that in this entire matter it may appear to be straining the law, yet it would be strange, indeed, if a husband possessing property within the jurisdiction of this court could flee from its jurisdiction, abandon his wife, sick, helpless and penniless in her declining years, and that the law could offer her no relief.

The defendant Fox knew he had this property in our county, that it could be and ought to be subjected to the support and maintenance of his wife.

The defendant Joachim, the fraudulent grantee, knew the same, the building and loan company knew it through its authorized agent and attorney, and it can not be heard to complain as to the relief herein granted to the injured wife.

In the determination of this case, this court believes it is only following the language of our own Supreme Court in the case above cited, wherein it says at page 228:

"It is perhaps needless to say that there is a strong tendency on the part of the courts to uphold their jurisdiction in cases of this kind."

This court believes that under the above decision it not only has the right to uphold but if needs be to enlarge its jurisdiction in order to secure to the plaintiff every relief to which she may be entitled under our laws.

Counsel will prepare a decree in conformity with the foregoing.